

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2008

# USA v. Wilder

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wilder" (2008). *2008 Decisions.* Paper 1006.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1006

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2295

UNITED STATES OF AMERICA

v.

JASON WILDER,
a/ka Dre
a/k/a Kevin Best
a/k/a Duck

Jason Wilder,

Appellant

On Appeal from the District Court for the
Western District of Pennsylvania
(District Court No. 03-cr-00260-4)
Chief District Judge: The Honorable Donetta M. Ambrose

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 22, 2008

Before: SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*

(Filed: June 19, 2008)

OPINION

SMITH, *Circuit Judge*.

On September 16, 2005, Jason Wilder, a Jamaican citizen, was convicted by a jury of conspiring to distribute and possess with the intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846. He was sentenced to 121 months in prison, the lowest point on the advisory guideline range for which he was found to qualify. Wilder appeals his conviction[1] on the grounds that (1) the District Court should not have allowed the government to use, during its closing argument, an organizational chart of the conspiracy that had not been admitted into evidence, and (2) the sentence imposed was unreasonable in light of the factors set out in 18 U.S.C. § 3553(a). Because we find that the evidentiary issue has not been preserved for appeal and that the sentence was reasonable, we will affirm the judgment of the District Court.

The loci of the marijuana conspiracy existed in both Pittsburgh, Pennsylvania and in Tucson, Arizona, with three brothers – Andre, Michael and Christopher Williams – shipping marijuana packages between the two locations. Andre identified various individuals – including Wilder – to locate vacant or abandoned buildings in Pittsburgh in order to use those addresses for marijuana shipments. Wilder would then recruit young women to wait at those addresses for the marijuana shipments to arrive, and in turn, wire money to Tucson in exchange for the packages.

In July 2002, postal officials in Texas alerted their counterparts in Pittsburgh to an

---

[1]    The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

unusual package with a fictitious return address which was addressed to an individual who did not typically receive mail at the address. When the package arrived in Pittsburgh, officials had a drug dog brought to the scene. A federal search warrant was subsequently obtained and the package, when opened, was found to contain 31.5 pounds of marijuana.

Agents placed a monitor inside the package, sealed it, and delivered it to Julia Carrington. Upon receiving the package, she was taken into custody and told agents that Wilder had coerced her into accepting a package containing marijuana. After Carrington had been interviewed by the police, Clarence Bennett arrived at her home to retrieve the package and explained that Wilder had instructed him to pick up the package. Drug Enforcement Agency task force officers questioned Bennett after he left the residence, inquiring as to the contents of the package and where he intended to take it. Bennett admitted Wilder had instructed him to retrieve the package and to bring it to Wilder, who would be waiting at a nearby gas station. Bennett participated in a controlled delivery of the package to Wilder, and surveillance observed Wilder and another individual retrieve the package from Bennett. Although Wilder fled the area and initially evaded capture, he was later apprehended.

After a jury convicted Wilder, the District Court determined that his base offense level was 30 based on the 2000 pounds of marijuana involved in the conspiracy. Wilder's criminal history category was designated as a Level III for prior convictions in 1992 and 1996. Notably, following Wilder's 1996 conviction, he was deported but then returned to

the United States illegally. Furthermore, Wilder had pending charges in the Municipal Court of Philadelphia for possessing a firearm and a controlled substance.

Wilder first argues that the District Court erred when it allowed the Government to use an organizational chart depicting the various members of the conspiracy in its closing argument. However, in examining the record, we find that Wilder's counsel did not preserve this issue for appeal by objecting on the record. We, therefore, will review the District Court's ruling with respect to the chart under a plain error standard. Federal Rule of Criminal Procedure 52(b) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed. R. Crim. P. 52(b). Accordingly, there must be an "error" which is "plain" and that "affects substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). "Affecting substantial rights" means that the error must have been prejudicial to the defendant and have affected the outcome of the district court proceeding. *Id.* at 734. The decision to correct a forfeited error is "within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

There was no plain error. The chart used in closing argument was an organizational graph depicting the structure of the conspiracy and including pictures of its members. The chart served merely as a summary of trial testimony that described members of the conspiracy and their respective relationships. Here, defense counsel

objected to the chart going out to the jury, but he never objected to its demonstrative use in closing argument. This Court has held that the use of summaries and charts is proper. *United States v. Velasquez*, 304 F.3d 237, 240 (3d Cir. 2002). Because the chart provided a summary of testimony and served a strictly demonstrative purpose, and because defense counsel did not properly object to its use in closing argument, such use of the chart was not error, plain or otherwise.

Wilder also argues that his sentence is unreasonable because it far exceeded the statutory goals of sentencing as articulated in 18 U.S.C. § 3553. We review Wilder's sentence for reasonableness under 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). Wilder has the burden of demonstrating unreasonableness. *Id.* at 332. Although a sentence that falls within the guidelines range is more likely to be considered reasonable, a district judge must, nevertheless, acknowledge and consider the § 3553(a) factors and any other legally meritorious sentencing grounds the parties have properly raised. *Id.* In the case before us, the District Judge articulated the § 3553(a) factors and clearly considered them. She then explained that she was persuaded to sentence Wilder within the guideline range because he had committed an aggravated felony and was in the United States illegally. However, she sentenced him to the lowest end of the guideline range. Such a sentence was eminently reasonable.

For the reasons articulated above, we will affirm the judgment of the District Court.